UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MILDRED BOLES,

                              Plaintiff,              Case # 14-CV-6243-FPG

v.                                                    DECISION & ORDER

EASTMAN KODAK COMPANY,

                              Defendant.

## INTRODUCTION

*Pro se* Plaintiff Mildred Boles commenced a small claims action in Rochester City Court against Defendant Eastman Kodak Company in April of 2014, claiming that she was owed monies from 1998 that were "deferred vested benefits." Dkt. # 1. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, as Plaintiff's claim falls under the Employee Retirement Security Act ("ERISA"), the provisions of which supersede state law regarding employee benefits. The Defendant has moved for judgment on the pleadings, asserting a variety of grounds, including the expiration of the applicable statute of limitations. Dkt. # 5. Although Plaintiff was given ample time to respond to the motion and was informed of the consequences of not doing so, she has not responded in any fashion, nor has she requested additional time to do so. Because the Complaint demonstrates that this action is indeed untimely, the Defendant's motion is granted, and this action is dismissed with prejudice.

## DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is judged by the same standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525, 529 (2d Cir. 2006). In ruling on such a motion, the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint is plausible when a plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusions." *Twombly*, 550 U.S. at 555. Although the statute of limitations is an affirmative defense on which a defendant bears the burden of proof, courts may nonetheless dismiss a case on statute of limitations grounds if a complaint, on its face, "clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

Since ERISA itself does not establish a statute of limitations for benefits claims, courts apply the most analogous state statute of limitations. *See Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Ben. Plan,* 698 F.2d 593, 598 (2d Cir. 1983). In New York, that statute is the six-year limitation on contract actions. *Id.* (citing N.Y. C.P.L.R. § 213(2). However, New York law also provides that a shorter limitations period will govern where "prescribed by written agreement." N.Y. C.P.L.R. § 201. A written agreement includes employee welfare benefit plans governed by ERISA. *See Mitchell v. Shearson Lehman Bros., Inc.,* No. 97 Civ. 0526, 1997 WL 277381, at *2 (S.D.N.Y. May 27, 1997).

In her Complaint, Plaintiff summarily alleges that she is owed $1,912 "from 1998 for failure to pay deferred vested benefits." Dkt. # 1. The Complaint does not offer any other details regarding this claim. Defendants have argued that under the terms of the "written

agreement" that governed the ERISA plan in this case, Plaintiff was required to file any complaint with the Defendant within 90 days of the date her claim was not paid. If that indeed is the case, then Plaintiff's action is untimely by over 15 years.

I need not decide that issue, because even putting aside the 90 day limitations period of the written agreement, Plaintiff's claim still fails under the applicable six-year statute of limitations. Giving Plaintiff the benefit of the doubt and assuming her claim did not accrue until December 31, 1998, the last possible day in 1998, the statute of limitations for her claim began to run the next day, on January 1, 1999, and expired six years later, on January 1, 2005. Plaintiff's Complaint was filed on April 22, 2014, or some nine years too late. Accordingly, her claim against the Defendant is untimely on their face, and must be dismissed.

<u>CONCLUSION</u>

Because the statute of limitations expired prior to the commencement of this action, Defendant's Motion to Dismiss (Dkt. # 5) is GRANTED, and this case is dismissed with prejudice. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: January 14, 2015
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge